UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT G. CONKLIN, M.D., PERSONALLY AND AS SOLE PROPRIETOR FOR, AND ON BEHALF OF MERAUX URGENT MEDICAL CARE | CIVIL ACTION |
| | NO. 06-9110 |
| VERSUS | |
| THE HANOVER INSURANCE COMPANY, ET AL | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is a Motion to Remand filed by plaintiff, Scott G. Conklin, M.D., personally and as sole proprietor for, and on behalf of Meraux Urgent Medical Care (hereinafter referred to as "Conklin" or "Plaintiff"). The removing defendants, The Hanover Insurance Company and The Hanover Insurance Group (collectively referred to hereinafter as "Hanover") oppose the Motion to Remand.

On August 25, 2006, Conklin filed suit in the 34th Judicial District Court in and for the Parish of St. Bernard, State of Louisiana, against the following defendants: The Hanover Insurance Company, The Hanover Insurance Group, Eagan Insurance Agency, ABC Insurance Company, and Chris Trapani, individually and as an employee of Eagan Insurance Agency. Conklin's claim arises out of damage to property occurring during and after Hurricane Katrina on August 29, 2005.

1

Conklin claims sums due under insurance policies issued to him by Hanover, for penalties and attorney's fees pursuant to La. R.S. 22:658 and 1220, and damages against Eagan Insurance Agency (hereinafter referred to as "Eagan") and Chris Trapani (hereinafter referred to as "Trapani") as a result of errors/omissions giving rise to professional liability with regard to the placement of insurance coverage. Eagan and Trapani, like Conklin, are Louisiana citizens for purposes of considering diversity jurisdiction. There is also no dispute that plaintiff's claim is in excess of the requisite jurisdictional amount of $75,000.00.

On October 26, 2006, defendants removed this matter to federal court, asserting the following grounds for federal jurisdiction: jurisdiction pursuant to the Multi-Party, Multi-Forum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1); improper joinder of non-diverse defendants against whom no claim lies; and, in the event any such claim lies against the non-diverse defendants, it is time-barred pursuant to La. R.S. 9:5606. For the reasons stated hereinafter, the Court **GRANTS** the Motion to Remand.

## LAW AND ANALYSIS

### A. MMTJA

As recognized by Hanover, this Court has, on numerous occasions, determined that the MMTJA does not provide grounds for federal jurisdiction on claims such as this arising from Hurricane Katrina. See *Bode v. State Farm Fire & Casualty Co.*, No. 06-3202 (E.D. La. Nov. 2, 2006); *Fidelity Homestead Assn. v. The Hanover Insurance Co.,* No. 06-3511 WL 2873562 (E.D. La. Oct. 8, 2006); *Berry v. Allstate Ins. Co.,* No. 06-4922 WL 2710588 (E.D. La. Sept. 19, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6,

2006); *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006), among others. Accordingly, the Court finds no merit in Hanover's initial assertion of MMTJA at the time of removal as a basis for federal jurisdiction.

   **B.**  **Improper Joinder/Diversity Jurisdiction**

  Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

  Hanover claims that there is no reasonable basis for this Court to predict that plaintiff can establish a basis for recovery against the non-diverse defendants, and thus those claims should be disregarded in evaluating federal jurisdiction. See *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382 (5th Cir. 2000); *Edwards v. Allstate Property & Casualty Co.,* 2005 WL 221560 (E.D. La. 2005).

In evaluating the plaintiff's claims herein, the Court focuses on the following paragraphs from the original state court Petition:

6.

On or about, May 6, 2005, the Defendant Chris Trapani individually and/or in the course and scope of his employment with Eagan Insurance Agency, with Hanover Insurance Company, and as an agent, and/or mandate, and/or in representation of Hanover Insurance Company, The Hanover Insurance Group, having the agents code #0404171, personally met with the plaintiff at Barrister's Restaurant, in the City of Chalmette, St. Bernard parish [sic], state [sic] of Louisiana and offered a contract of insurance to the plaintiff. The Plaintiff then delivered consideration in the amount of approximately $2,000.00 to the defendant, Chris Trapani at that time and location. Upon delivery and execution of the contract the defendant, Chris Trapani then issued to the plaintiff a Business Personal Property Insurance policy # OHO7896417-00, binder# B05050608524, marked "Special (including t", (sic) with a commercial umbrella policy# UH08157104 included, in the City of Chalmette, Parish of St. Bernard, State of Louisiana. The Defendants agreed to insure Plaintiff against loss arising from all damages sustained to the Plaintiff's medical clinic, under the name Meraux Urgent Medical Care. A copy of the insurance binder is attached to this Petition/Complaint as Exhibit A and incorporated by reference. The plaintiff had never received a copy of the policy before his losses, only receiving a copy of the aforementioned policies on or about December, 2005 electronically.

\* \* \*

21.

In conjunction with, in solido, and/or in addition to the actions and/or allegations made against the above named defendants, the defendants, Eagan Insurance Agency, and Chris Trapani, individually, and/or through the course and scope of his employment with Eagan Insurance Agency, Inc., and/or acting as an agent, mandate, or representative of The Hanover Insurance Company, The Hanover Insurance Group, and with ABC Insurance Company acting as their Errors and Omissions and/or Professional Liability insurer, have acted without reasonable basis or justification and in contravention of its duty of good faith and fair dealing in the nonexclusive acts of handling, and/or enrolling, and/or issuance, and/or application, and/or delivery, and/or binding, of the policy, and/or the Plaintiff's claim and/or issuance of the insurance policy, including but not limited to:

      (a.)   Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

      (b.)   Not enrolling the plaintiff in, and/or providing specifically requested coverage, and/or by providing insufficient, and/or inadequate, and/or inappropriate coverage.

      (c.)   Falsely stating and/or misleading the Plaintiff in a manner that caused him to believe that his business and it's contents were fully and completely insured and that the appropriate and correct coverage was included under the policies issued herein.

      (d.)   Negligently not providing and/or incorrectly issuing insurance policies.

      (e.)   Breach of their fiduciary duties.

      (f.)   By negligently failing to timely deliver a copy of the aforementioned policies to the plaintiff in time promised until after the catastrophic losses, therefore denying any opportunity for the plaintiff to review said policies and coverages before said losses.

      (g.)   Any and all other violations and/or actions and/or inactions, under applicable Louisiana Statutes or other statutes or law not cited herein, but pertinent and relevant to this matter.

It is significant that the original Petition concludes with an "AFFIDAVIT / CERTIFICATION / VERIFICATION / ACKNOWLEDGMENT" signed by Scott G. Conklin, M.D., and notarized by plaintiff's counsel.

    In response to the Petition, Hanover has attached the "Affidavit of Chris Trapani", wherein he asserts that he met with Conklin on or about May 6, 2005 to discuss a policy for business property located on East Judge Perez Drive in Chalmette, Louisiana, and then generally describes his normal procedures in handling the placement of insurance coverage. Trapani states, "I have no reason to believe that I did not advise Mr. Conklin about these matters when I met with him on or

about May 6, 2005." Trapani Affidavit, ¶ 4. Trapani further states, "based on my normal business practices, as discussed above, this leads me to conclude that Mr. Conklin must have declined to procure a flood policy for the Property when I met with him on or about May 6, 2005." Trapani Affidavit, ¶ 6. Accordingly, Trapani seemingly disputes the assertion contained in Conklin's Verified Petition.    In light of the Trapani Affidavit, Hanover claims that any claim against Eagan and/or Trapani is time-barred under La. R.S. 9:5606.[1] Although the Court may consider summary judgment type evidence under *Smallwood*[2] for purposes of determining the jurisdictional viability of claims against non-diverse defendants, the Trapani Affidavit is insufficient for this Court to conclude that there is no reasonable basis to predict recovery by the plaintiff herein. In fact, given that the Verified Petition, signed by Conklin, contains assertions which appear to be in direct

---

[1] That professional insurance agents are amenable to actions for damages is implicit in the statute creating time limits for such actions. La. R.S. 9:5606 provides as follows:

    A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of alleged act, omission, or neglect.

    B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

    C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

    D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

[2] *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568 (5th Cir. 2004), cert. denied, 544 U.S. 992, 125 S.Ct. 1825 (2005).

conflict with those offered in the Trapani Affidavit, issues of fact indeed exist which give rise to a legitimate question as to the merit of the claim asserted against the non-diverse defendants, Eagan and Trapani, including whether such claim has been brought timely under the statute. Accordingly, the Court cannot state that complete diversity exists for federal jurisdictional purposes, and that the non-diverse defendants were improperly joined.[3]

### C. Attorney's Fees and Costs

Plaintiff also asserts a claim for attorney's fees and costs in pursuit of this Motion to Remand.

The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447( c ) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiffs' request for attorneys' fees and costs.

---

[3] See also *Schwartz v. Chubb & Sons, Inc.,* 2006 WL 980673 (E.D. La. April 11, 2006); *Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791 (E.D. La. May 16, 2006).

## **CONCLUSION**

For the foregoing reasons, this matter is hereby **REMANDED** to the 34th Judicial District Court in and for the Parish of St. Bernard, State of Louisiana, and plaintiff's claim for attorney's fees and costs associated with this motion is **DENIED**.

New Orleans, Louisiana, this __9th__ day of March, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**